IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT OF
DELAWARE BAY LAUNCH SERVICE, INC.,           CIVIL ACTION NO.:
AS OWNER OF "BIG STONE 5", A 51-FOOT         06-345 GMS
1985 CREWBOAT, FOR EXONERATION FROM          IN ADMIRALTY
OR LIMITATION OF LIABILITY
-----------------------------------------------------------------x

**ANSWER AND GROUNDS OF DEFENSE TO COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY ON BEHALF OF <u>RICHARD GREER</u>**

**COMES NOW** Claimant, Richard Greer, by undersigned counsel, in answer to the Complaint for Exoneration from or Limitation of Liability filed on behalf of Delaware Bay Launch Service, Inc., and allege upon information and belief as follows:

1. While the Claimant admits the jurisdiction of this Limitation of Liability Proceeding is within the United States District Court for the District of Delaware, Claimant does so without prejudice to his rights to file a Motion to Dismiss or Transfer and reserve the right to trial by jury in state court pursuant to the Savings to Suitors Clause.

2. Admitted.

3. Admitted.

4. Denied.

5. Admitted.

6. Denied.

7. Denied.

8. Admitted.

1

9. The Claimant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph nine of the Complaint.

10. The Claimant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph ten of the Complaint.

11. The Claimant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph eleven of the Complaint.

12. Admitted.

13. The Claimant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph thirteen of the Complaint.

14. Denied.

15. Denied.

16. Denied.

17. Admitted.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The limitation fund for which the Petitioner prays is inadequate. The Complaint must be dismissed because the Petitioner failed to deposit sufficient security in the limitation fund.

### Third Defense

The BIG STONE 5 was unseaworthy prior to, and at the time of the incident, and thus the Petitioner is not entitled to limit its liability. The Petitioner failed to exercise due diligence prior

to the time of the incident to make the vessel seaworthy and failed to properly man, equip and supply the vessel and make it fit and safe for its intended purpose. The BIG STONE 5 was permitted and allowed to be in a unsafe and unseaworthy condition and all of the damages and injuries to the Claimant were occasioned and incurred with the privity and knowledge of the Petitioners. Furthermore, the casualty and losses incurred by the Claimant was occasioned by the negligence of the Petitioners, its agents and employees acting with the privity and knowledge of the Petitioner. Specifically, the Petitioner is not entitled to limitation of liability by reason of the following:

1. The Petitioner failed to properly man the vessel;

2. The Petitioner was negligent in causing and permitting the vessel to leave the pier under the then existing sea conditions;

3. The Petitioner failed to warn the Claimant of the condition of the vessel, its crew and the conditions of the sea prior to commencement of the voyage;

4. The Petitioner required operation of the vessel when it knew or should have known that it was not safe and seaworthy to proceed on the waters under the then existing weather conditions;

5. The Claimant reserves the right to claim against the Petitioner and BIG STONE 5 such other and further and different faults, neglect and unseaworthiness as the evidence may disclose.

## Fourth Defense

The Limitation of Liability Act, 46 U.S.C. § 181, et. seq., does not permit the Court to decide exoneration from liability.

**WHEREFORE**, Claimant having fully answered the Complaint prays:

1. That the Court enter an Order denying the Claimants' Request for Exoneration from Liability.

2. That the Court enter an Order denying the Petitioner's Request for Limitation of Liability.

3. That the Court enter an Order declaring that the casualty referred to in the Complaint occurred with the privity and knowledge of the Petitioner.

4. That Claimant's damages be set by a jury of his peers in State Court, pursuant to the Savings to Suitors Clause.

5. That the Court overturn the stay of other suits, actions, or legal proceedings against the Petitioner in respect to any claims arising out of or in connection with the casualties described in the Complaint and allowing Claimant to prosecute actions with trial by jury in any form of his choice, including an action against the Petitioners currently pending in the Superior Court of Delaware, New Castle County.

6. That the Claimant have such other and further relief as justice and law may require.

**MORGAN SHELSBY & LEONI**

/s/ Michael J. Logullo
MICHAEL J. LOGULLO
Mlogullo@mslde.com
221 Main Street
Stanton, Delaware 19804
(302) 995-6210
*Attorney for Claimant*

DATED: July 5, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT OF
DELAWARE BAY LAUNCH SERVICE, INC.,          CIVIL ACTION NO.:
AS OWNER OF "BIG STONE 5", A 51-FOOT         06-345 GMS
1985 CREWBOAT, FOR EXONERATION FROM          IN ADMIRALTY
OR LIMITATION OF LIABILITY
------------------------------------------------------------x

**ANSWER AND GROUNDS OF DEFENSE TO COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY ON BEHALF OF <u>RICHARD GREER</u>**

**COMES NOW** Claimant, Richard Greer, by undersigned counsel, in answer to the Complaint for Exoneration from or Limitation of Liability filed on behalf of Delaware Bay Launch Service, Inc., and allege upon information and belief as follows:

1.  While the Claimant admits the jurisdiction of this Limitation of Liability Proceeding is within the United States District Court for the District of Delaware, Claimant does so without prejudice to his rights to file a Motion to Dismiss or Transfer and reserve the right to trial by jury in state court pursuant to the Savings to Suitors Clause.

2.  Admitted.

3.  Admitted.

4.  Denied.

5.  Admitted.

6.  Denied.

7.  Denied.

8.  Admitted.

9. The Claimant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph nine of the Complaint.

10. The Claimant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph ten of the Complaint.

11. The Claimant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph eleven of the Complaint.

12. Admitted.

13. The Claimant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph thirteen of the Complaint.

14. Denied.

15. Denied.

16. Denied.

17. Admitted.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The limitation fund for which the Petitioner prays is inadequate. The Complaint must be dismissed because the Petitioner failed to deposit sufficient security in the limitation fund.

### Third Defense

The BIG STONE 5 was unseaworthy prior to, and at the time of the incident, and thus the Petitioner is not entitled to limit its liability. The Petitioner failed to exercise due diligence prior

to the time of the incident to make the vessel seaworthy and failed to properly man, equip and supply the vessel and make it fit and safe for its intended purpose. The BIG STONE 5 was permitted and allowed to be in a unsafe and unseaworthy condition and all of the damages and injuries to the Claimant were occasioned and incurred with the privity and knowledge of the Petitioners. Furthermore, the casualty and losses incurred by the Claimant was occasioned by the negligence of the Petitioners, its agents and employees acting with the privity and knowledge of the Petitioner. Specifically, the Petitioner is not entitled to limitation of liability by reason of the following:

1. The Petitioner failed to properly man the vessel;

2. The Petitioner was negligent in causing and permitting the vessel to leave the pier under the then existing sea conditions;

3. The Petitioner failed to warn the Claimant of the condition of the vessel, its crew and the conditions of the sea prior to commencement of the voyage;

4. The Petitioner required operation of the vessel when it knew or should have known that it was not safe and seaworthy to proceed on the waters under the then existing weather conditions;

5. The Claimant reserves the right to claim against the Petitioner and BIG STONE 5 such other and further and different faults, neglect and unseaworthiness as the evidence may disclose.

<u>Fourth Defense</u>

The Limitation of Liability Act, 46 U.S.C. § 181, et. seq., does not permit the Court to decide exoneration from liability.

**WHEREFORE**, Claimant having fully answered the Complaint prays:

1. That the Court enter an Order denying the Claimants' Request for Exoneration from Liability.

2. That the Court enter an Order denying the Petitioner's Request for Limitation of Liability.

3. That the Court enter an Order declaring that the casualty referred to in the Complaint occurred with the privity and knowledge of the Petitioner.

4. That Claimant's damages be set by a jury of his peers in State Court, pursuant to the Savings to Suitors Clause.

5. That the Court overturn the stay of other suits, actions, or legal proceedings against the Petitioner in respect to any claims arising out of or in connection with the casualties described in the Complaint and allowing Claimant to prosecute actions with trial by jury in any form of his choice, including an action against the Petitioners currently pending in the Superior Court of Delaware, New Castle County.

6. That the Claimant have such other and further relief as justice and law may require.

                                                  **MORGAN SHELSBY & LEONI**

                                                  /s/ Michael J. Logullo
                                                  MICHAEL J. LOGULLO
                                                  Mlogullo@mslde.com
                                                  221 Main Street
                                                  Stanton, Delaware 19804
                                                  (302) 995-6210

*DATED: July 5, 2006*                           *Attorney for Claimant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT OF
DELAWARE BAY LAUNCH SERVICE, INC.,          CIVIL ACTION NO.:
AS OWNER OF "BIG STONE 5", A 51-FOOT         06-345 GMS
1985 CREWBOAT, FOR EXONERATION FROM          IN ADMIRALTY
OR LIMITATION OF LIABILITY
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the Answer and Grounds of Defense to Complaint for Exoneration from or Limitation of Liability on Behalf of Richard Greer was mailed this 5th day of July, 2006 to:

Michael B. McCauley, Esquire
Palmer, Biezup & Henderson, LLP
1223 Foulk Road
Wilmington, Delaware 19803

**MORGAN SHELSBY & LEONI**

/s/ Michael J. Logullo
MICHAEL J. LOGULLO
Mlogullo@mslde.com
221 Main Street
Stanton, Delaware 19804
(302) 995-6210
*Attorney for Claimant*

5